UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:22-CV-141 |
| | ) | |
| v. | ) | JUDGES _____ |
| | ) | |
| A 2020 SALEM 29VBUD TRAVEL TRAILER, VIN# 4X4TSME27LA326167, REGISTERED TO SARRAH WILLHITE, 680 GLADES ROAD, STE 7, GATLINBURG, TENNESSEE 37738; AND | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 265 MIDNIGHT WAY, PARROTTSVILLE, TENNESSEE 37843, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION TO STAY CIVIL FORFEITURE PROCEEDING

Comes now the United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and hereby moves this Court to stay the above-captioned civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(1), as incorporated by 21 U.S.C. § 881(i), on the basis that civil discovery at this time will adversely affect the ability of the United States to conduct a related criminal investigation.

On April 18, 2022, the United States filed a Verified Complaint *In Rem* for forfeiture against a 2020 Salem 29VBUD Travel Trailer, VIN# 4X4TSME27LA326167, registered to Sarrah Willhite, 680 Glades Road, Ste 7, Gatlinburg, Tennessee 37738; and Real Property located at 265 Midnight Way, Parrottsville, Tennessee 37843 (hereinafter "defendant properties"). The complaint alleged that the defendant properties are subject to forfeiture pursuant to the following:

a)  18 U.S.C. § 981(a)(1)(C) which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343;

b)  18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

c)  18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

.

## ARGUMENT

The United States brings this motion to stay the civil forfeiture proceedings on the basis that allowing any claimant to go forward with civil discovery would prejudice the United States' ability to conduct a related criminal investigation. Pursuant to 18 U.S.C. § 981(g)(1), as incorporated by 21 U.S.C. § 881(i):

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1). This provision allows the United States the right to seek a stay of a civil forfeiture proceeding in order to protect a vital interest in a related criminal investigation. Section 981(g)(2) gives a claimant an analogous right to seek a stay where the related civil forfeiture case may burden his right against self-incrimination.

Prior to enactment of the current statute, courts had held that the broader civil discovery available to a claimant in a civil case could interfere with a criminal prosecution and constituted "good cause" for a stay under the former version of the statute. See *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 64-65 (D.D.C.

2006) (stay must be granted if Claimant's discovery requests could compromise existing confidential informants and/or interfere with the United States' ability to obtain confidential information from others, or if it would burden the law enforcement officials conducting the related investigation); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330-32 (D. Wyo. 2001) (stay granted where civil discovery "has a substantial potential of interfering" with the ongoing criminal investigation); *United States v. Real Property...10 Table Bluff Road*, 2007 WL 911849 (N.D. Cal. 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery then would occur in a criminal case; if the required showing is made, the court is obligated by the plain language of the statute to grant the Government's request for a stay); *United States v. One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (Government satisfies its burden by showing civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding").

The present version of 18 U.S.C. § 981(g)(1) provides specifically that a stay shall be entered whenever the court determines that civil discovery will adversely affect the ability of the United States to investigate or prosecute a related criminal case. The definitions of "a related criminal case" and "a related criminal investigation" set forth in 18 U.S.C. § 981(g)(1), as incorporated by 21 U.S.C. § 881(i), also make clear that neither the parties nor the facts in the civil and criminal cases need be identical for the two cases to be considered related. Instead, an analysis of several factors, which are set forth in the disjunctive, indicates that the two cases should have some substantial similarities, but need not be identical in all aspects. Those factors are set forth in 18 U.S.C. § 981(g)(4) as follows:

3

> [T]he terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

Allowing any potential claimant to seek civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for a claimant to ascertain prematurely the details of the ongoing criminal case. Therefore, the United States submits that a stay in this civil proceeding is appropriate and necessary.

WHEREFORE, the United States respectfully moves this Court to stay the civil forfeiture proceedings until the criminal investigation, and any related criminal investigations and prosecutions are complete.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/Gretchen Mohr*
GRETCHEN MOHR
Assistant United States Attorney
NY Bar No. 5064704
800 Market Street, Suite 211
Knoxville, Tennessee 37902
gretchen.mohr@usdoj.gov
(865) 545-4167

4